UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:20-CR-31-HAB |
| | ) | |
| HORIA MALUTAN | ) | |

## OPINION AND ORDER

Before the Court is Defendant's *pro se* Motion for Early Termination of Supervised Release ("the Motion") (ECF No. 159) filed on February 14, 2025. Upon receipt of the Motion, the Court directed the Probation Office to file a report in response to it and to include in the report the Government's position on Defendant's motion. (ECF No. 160). Probation filed its report on February 24, 2025. (ECF No. 161). The report specifically noted the Government's objection to the Motion. For the following reasons, Defendant's Motion is DENIED.

## PROCEDURAL BACKGROUND

As explained in the Probation Report, in 2022, Defendant plead guilty to one count of Armed Bank Robbery (Count 2), in violation of 18 U.S.C. §2113(a) and (d). On May 25, 2022, Defendant appeared before this Court and was sentenced to 57-months' imprisonment followed by two years of supervised release. Defendant's term of supervised release began on November 3, 2023, and is set to expire on November 2, 2025.

## DISCUSSION

Defendant urges the Court to terminate his remaining supervised release term after serving about 15 months because he has "fully complied…with all conditions" with "no violations or infractions" and "has taken significant steps toward rehabilitation and reintegration[.]" (ECF No. 159). He also mentions significant educational achievements and volunteerism to support early

termination. Indeed, since the commencement of his supervision, Defendant has completed 440 hours of community service, currently owns his own business, and works as a part-time hair stylist. (ECF No. 161). Defendant seeks early termination to make it easier to see his children. Defendant resides in the Southern District of Indiana and must request permission from his probation officer to travel to his children who reside in the Northern District of Indiana. (ECF No. 159-1) The Government and probation oppose Defendant's request noting that compliance with the terms of supervision is expected and raising concerns about the seriousness of Defendant's offense of conviction.

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. Under the statute, a court may, after considering factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C § 3583(e). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

After considering the § 3553(a) factors, the Court may terminate said term if the following conditions are met: (1) the defendant has served at least one year of supervision; (2) the

government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant'' conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

"Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination." *United States v. Branscumb*, No. 109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019), *report and recommendation adopted*, No. 09-10023, 2019 WL 6499067 (C.D. Ill. Dec. 3, 2019); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (affirming district court where the court found that the Defendant "at best has merely complied with the terms of supervision"). "Early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Id.*; *see, e.g.*, *United States v. Kay*, 283 F. App'x 944, 946–47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Caruso*, 241 F. Supp. 2d 466, 468–69 (D.N.J. 2003); *United States v. Medina*, 17 F. Supp. 2d 245, 246–47 (S.D.N.Y. 1998). It is, moreover, the defendant who bears the burden of demonstrating that early termination is warranted. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

Having reviewed Defendant's Motion, it becomes clear that he fails to establish the third factor in the § 3583(e) analysis, *to wit*: that termination of his supervised release is in the interest of justice based on the pertinent § 3553(a) factors and his conduct.

Starting with the nature of the offense conduct, *see* § 3553(a)(1), Defendant, without doubt, committed serious crimes. The Presentence Investigation Report ("PSR") (ECF No. 41) explains that Defendant planned and executed an armed bank robbery with his Codefendant, the bank's branch manager. On December 24, 2019, Defendant, armed with a gun, forced his way into the bank as a bank employee unlocked the front doors to let Codefendant in for the workday. Only Defendant, Codefendant, and the bank employee were present for the robbery. The bank employee had no idea that it was an inside job with Codefendant acting as another victim during the robbery's commission. The bank employee and Codefendant escorted Defendant to the vault where the employee and Codefendant filled Defendant's bag with currency. Defendant then, while armed with a firearm, stated, "lie down and count to 100. If I see you again, I'll kill you." Defendant then fled with about $220,000 in stolen funds. No doubt, an armed bank robbery coupled with the use and threatened use of firearms is a serious offense.

Because of the nature of the offense conduct, the second factor also cuts against Defendant. *See* § 3553(a)(2). Defendant's two-year term of supervised release was the low-end of the guideline range despite Defendant's reprehensible conduct. It thus "reflect[s] the seriousness of the offense" and "provide[s] just punishment for the offense." *Id.* Moreover, the seventh factor cuts against Defendant as he still owes about $200,000 in restitution for the stolen funds. *See* § 3553(a)(7) ("the need to provide restitution to any victims of the offense"). While the Court commends Defendant for adhering to his payment schedule while on supervised release, he still has a long way to go.

The Court believes that these factors under § 3553(a) outweigh all others, and do not weigh in favor of early termination. But even so, "the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision" and early termination is

4

appropriate "only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Branscumb*, 2019 WL 6501208, at *3. Defendant's relationship with his children is his basis for early termination here. Defendant's first contact with his children was on February 14, 2025. That may be a new circumstance, but it does not warrant early termination. His probation officer has indicated she has approved all of Defendant's travel requests and will continue to do so. And if an emergency with his children presents itself, the officer advised that "[D]efendant would be allowed to travel, for emergency purposes, without receiving prior approval, as long as [Defendant] is able to provide verification of the emergency that gave rise to the travel." That said, supervised release does not create any significant barrier between Defendant and his children.

The Court applauds Defendant for his familial, community, and employment efforts while on supervised release. They do not go unnoticed. He has done well shifting back into society and the Court encourages him to continue that path. But while the court acknowledges his compliance with the terms of supervision, compliance is expected. In sum, the § 3553(a) factors do not weigh in favor of terminating supervised release. Although the Court commends him on his positive strides, the interests of justice are best served by continuing supervision. Accordingly, Defendant's request for early termination of supervised release (ECF No. 159) is DENIED.

## **CONCLUSION**

For these reasons, Defendant's Motion (ECF No. 159) is DENIED.

So ORDERED on March 4, 2025.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT